BIA
Sagerman, IJ
A208 611 109

# United States Court of Appeals
#### FOR THE
## SECOND CIRCUIT

———————————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-six.

Present:
>    Joseph F. Bianco,
>    Michael H. Park,
>    Maria Araújo Kahn,
>        *Circuit Judges*.

———————————

Rasmane Sankara,

>                    *Petitioner*,

>    v.                                                                26-112

Todd Blanche, Acting United States Attorney General,

>                    *Respondent*.

———————————

Petitioner moves for in forma pauperis ("IFP") status, appointment of counsel, and a stay of removal in connection with his petition for review of a decision of the Board of Immigration Appeals affirming a decision of an immigration judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"). Respondent opposes a stay. Upon due consideration, it is hereby ORDERED that Petitioner's motion for IFP status is DENIED and the petition is DISMISSED because Petitioner has "no plausible argument" that the agency erred in finding that he failed to show likely torture. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995); *see also* 28 U.S.C. § 1915(a)(1), (e)(2)(B)(i).

We have reviewed the IJ's decision as the final determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings related to the denial of CAT relief for substantial evidence. *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569,

592 (2d Cir. 2021) (holding that where "agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion").

A CAT applicant must show that he "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia*, 3 F.4th at 592 (quotation marks omitted); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). A CAT claim thus involves a "two-step inquiry," requiring a showing of both likely torture and "sufficient state action." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022). In determining the likelihood of torture, the agency considers "all evidence relevant to the possibility of future torture . . . including, but not limited to . . . [e]vidence of past torture inflicted upon the applicant." 8 C.F.R. § 1208.16(c)(3). A CAT applicant must present "particularized evidence" of likely torture; generalized country conditions are not sufficient. *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 158, 160 (2d Cir. 2005). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quotation marks omitted).

Sankara fears torture from three sources: (1) supporters of the former Compaoré government who assaulted him in 1995; (2) jihadist terrorist groups who target ethnic Mossis and moderate Muslims; and (3) the current government of Burkina Faso through forced conscription into the military and militias defending against the jihadist terrorist groups. His motions here challenge the IJ's credibility and acquiescence findings and otherwise allege that the IJ "rested on impermissible assumptions which also lacked sufficient reasoning in according the expert report and testimony diminished weight" and "ignored evidence of militia groups torturing Mossi individuals based on imputed and perceived characteristics." He does not specify what evidence was ignored, other than broadly referring to the expert report and testimony, or identify assumptions the IJ relied on.

First, the credibility and acquiescence findings are not determinative, and Sankara does not clearly challenge the IJ's determination that, assuming credibility, he failed to show likely torture.

Second, substantial evidence supports that dispositive conclusion: (1) Sankara was harmed over 30 years ago, the people who harmed him have not been in power in Burkina Faso since 2014, and he had no evidence that anyone still wishes to harm him; (2) jihadist terrorist groups mainly target Christians and Mossis who practice Christianity, whereas Sankara is a practicing Muslim who previously lived in the capital, which is not under jihadist control; and (3) Sankara did not establish that he would likely be subject to forced conscription because the current government primarily uses forced conscription against its critics (which he is not) and conscription more generally focuses on able-bodied people (and he is over 50 years old and has mobility and health issues). On this record, Sankara does not have a plausible claim that the evidence compels a conclusion that he is likely to be tortured. *See Quintanilla-Mejia*, 3 F.4th at 592; *Pillay*, 45 F.3d at 17.

2

Petitioner's motions for appointment of counsel and a stay of removal are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3